UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal Case No. 25-MJ-00041 |
| CARL D. MONTAGUE,<br>        Defendant. | |

**MOTION TO REVOKE RELEASE ORDER AND DETAIN DEFENDANT**

The United States moves pursuant to 18 U.S.C. § 3145(a)(1) to revoke the release order

entered on July 9, 2025, and detain the defendant because his release endangers the safety of the

persons to whom he directed his threats and the community. *See* 18 U.S.C. § 3142(e)(1).

**I.      FACTUAL BACKGROUND**

The defendant was charged by a criminal complaint and arrested on July 9, 2025, for

violations of 18 U.S.C. § 871, threats against the President, 18 U.S.C. § 875(c), interstate threats,

and 18 U.S.C. § 115(a)(1)(B), threats to United States officials with intent to impede the

performance of official duties. The charges stem from threats the defendant made on June 27,

2025, on social media against President Donald Trump, Attorney General Pam Bondi and White

House Deputy Chief of Staff Stephen Miller in which he stated:

> "It's a shame you won't get to see the end of your f****** term, because I'm
>
> gonna make sure I put a bullet rate (sic) between your f****** head you
>
> piece of s***, you Pam Bondi. Stephen f****** miller, all you b******,
>
> are gonna get a f****** bullet to the head every single f****** one of
>
> you."

Ex. 1, Crim. Compl. and Redacted Affidavit.

At his initial appearance on July 9, 2025, the United States sought detention on grounds

that there existed no set of conditions or combination of conditions that would assure the safety of persons and the community. The Court ordered the defendant released on a $10,000 unsecured appearance bond and set conditions of release. The United States now moves to revoke the defendant's release and seeks an Order from the Court that the defendant be detained pending trial because he poses a safety risk to others and the community.

## II.    THE COURT SHOULD REVOKE THE CONDITIONS OF RELEASE AND ORDER DEFENDANT DETAINED

District courts review a Magistrate Judge's bail determination de novo. *See United States v. Tortora*, 922 F.2d 880, 883 n.4 (1st Cir. 1990). In determining whether to release or detain someone under § 3142, the Court must consider available information concerning the nature and circumstances of the offense charged, the weight of the evidence against the person, and the history and characteristics of the person. 18 U.S.C. § 3142(g). This Court should revoke the release Order because the defendant poses a danger to the targets of his threats and the community, the weight of the evidence against the defendant is strong, and his history and characteristics demonstrate that he is unable to live within the community according to conditions set by the Court without posing a danger to others and the community.

### A.    The Nature and Circumstances of the Offenses Charged

The defendant's threats against the President, Attorney General Bondi and Deputy Chief of Staff Miller were egregiously violent and unambiguous in his intent to kill all three individuals. His posting on June 27, 2025, left nothing to the imagination. The violence he expressed follows a history of aggressive behavior as his criminal history demonstrates multiple convictions for violent assaults. In 2014, the defendant was convicted of simple assault and/or battery. In 2015, he was again convicted for simple assault and/or battery. In 2018, the defendant was convicted of simple assault and/or battery and in 2022, the defendant was

2

convicted for a fourth time of simple assault and/or battery.  Further the defendant committed the first three of these offenses while on probation and after having been court ordered to undergo mental health treatment and/or substance abuse counseling.  Put simply, the defendant's recent violent threats are the latest in a long history of violent and threatening behavior.

### B.  The Weight of the Evidence is Strong and Suggests a Likelihood of Conviction

The weight of the evidence is strong.  This Court has already determined that probable cause exists to find that the defendant committed the crimes for which he has been charged and upon being interviewed by investigators, the defendant admitted his conduct.  As a result, the defendant will likely be convicted and face incarceration.

### C.  The Defendant's History and Characteristics Show He Presents a Risk to Others and the Community and that He Is Incapable of Adhering to Any Set of Conditions Imposed by the Court

The defendant's criminal history is extensive and demonstrates his repeated failure to adhere to conditions set by the various courts before which he has appeared.  Notable is the fact that despite repeatedly being court ordered to undergo mental health and substance abuse counseling, the defendant's violent behavior has continued.  In addition, he has admitted to violating the terms of his state probation at least six times since 2012.

At his initial appearance, through his counsel, the defendant argued that he had recently been unable to fill his prescriptions because of losing his employment due to a loss of grant money and that that, in part, explained his behavior.  However, recently obtained documents from his former employer, Project Weber, show that his last day of employment was on or about September 23, 2024, and that he was terminated for attendance reasons.  Ex. 2.  Thus, it does not appear that the defendant's conduct on June 27, 2025, can be attributed to mere frustration over a recent job loss or recent loss of access to prescription medication. Ex. 2 and *see also* ex. 3.

3

Also notable is that immediately following his initial appearance, the defendant lashed out in a profanity laden outburst at reporters who were waiting outside the courthouse. *See* Turnto10.com/Rhode Island man accused of threatening to kill Trump, administration officials. The defendant's inability to control his behavior immediately following his initial Court appearance on charges of threatening to kill the President suggest a person who currently is incapable of adhering to the Court's expectations and live within the bounds of the law. Instead, the defendant has significant mental health and substance abuse issues and lacks the ability to control his aggression. He possesses none of the guardrails that assist people with similar issues to conform their behavior to societal expectations. He has no employment, no place to live, and no significant family ties. In short, the defendant has little incentive to act within the bounds of the law and presents a significant risk to the safety of others and the community.

### III.    CONCLUSION

Based on the foregoing, the United States respectfully suggests that the defendant poses a risk to others and the community and that there is no set of conditions that would ensure their safety pursuant to 18 U.S.C. § 3142(f). Accordingly, the United States requests that the Court revoke the Magistrate Judge's Order granting release and order the defendant detained pending trial.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorney,

SARA M. BLOOM
Acting United States Attorney

DULCE DONOVAN
Assistant U.S. Attorney
U.S. Attorney's Office
One Financial Plaza, 17th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
Email: dulce.donovan@usdoj.gov

CERTIFICATION OF SERVICE

On this 15th day of July 2025, I caused the within Motion to Revoke Release and Detain Defendant to be filed electronically and it is available for viewing and downloading from the ECF system.

_____
DULCE DONOVAN
Assistant U.S. Attorney
U.S. Attorney's Office
One Financial Plaza, 17th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
Email: dulce.donovan@usdoj.gov